**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Nichole Jordan, Lyndon Joyner, and John Doe,
Defendants,

Of whom Lyndon Joyner is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-000273

———————————

Appeal From Florence County
Timothy H. Pogue, Family Court Judge

———————————

Unpublished Opinion No. 2018-UP-475
Submitted November 13, 2018 – Filed December 20, 2018

———————————

**REVERSED AND REMANDED**

———————————

Donae Alecia Minor, of Minor Law Offices LLC, of Fort Mill, for Appellant.

Elizabeth L. Boozer, of BCB Consulting, LLC, of Columbia, as Guardian ad litem for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Stuart Wesley Snow, Sr., of Dusenbury, Snow & Evans, of Florence, for Guardian ad Litem for the minor children.

_____

**PER CURIAM:** Lyndon Joyner (Father) appeals the family court's order terminating his parental rights to his four minor children. Father argues the family court erred in finding the Department of Social Services (DSS) showed by clear and convincing evidence (1) the children were harmed, and due to the severity of repetition of the abuse, the home could not be made safe within twelve months; (2) Father failed to remedy the condition causing the children's removal; and (3) termination of parental rights (TPR) was in the children's best interest. We reverse and remand.[1]

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2018). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

DSS did not prove a statutory ground for TPR by clear and convincing evidence. First, clear and convincing evidence does not show Father failed to remedy the conditions causing the children's removal. *See* § 63-7-2570(2) (stating a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [DSS] and the parent[,]

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

and the parent has not remedied the conditions which caused the removal").  The children were initially removed from Nichole Jordan (Mother) and placed with Father in July 2016.  At that time, Father was living in his girlfriend's one-bedroom apartment.  When DSS learned that home was subject to Section 8 housing rules—which did not permit anyone other than his girlfriend to live in the home—DSS removed the children from Father.  The children were placed in foster care on August 10, 2016.  The merits order, which was filed on November 9, 2016, required Father to complete a placement plan, which included (1) completing parenting classes, (2) participating in drug and alcohol treatment, (3) completing anger management classes, (4) participating in individual and family counseling, and (5) submitting to a psychological evaluation and following any resulting recommendations.  Although the children were removed from Father because he did not have suitable housing, Father's placement plan did not specifically require him to provide suitable stable housing.  *Cf. McCutcheon v. Charleston County Dep't of Soc. Servs.* 302 S.C. 338, 343-46, 396 S.E.2d 115, 118-20 (Ct. App. 1990) (holding the family court did not err in granting TPR of Mother and Father when they failed to maintain "suitable living arrangements" as ordered by their placement plan); *id.* at 343, 396 S.E.2d at 118 ("DSS must identify the condition that led to the removal of the child.").  According to the case worker's testimony, Father completed his placement plan.  Because Father's placement plan did not specifically reference any problem with Father's housing and because he completed the placement plan as ordered, clear and convincing evidence does not support this ground.[2]

Second, clear and convincing evidence does not show Father's home cannot be made safe within twelve months.  *See* § 63-7-2570(1) (stating a statutory ground for TPR is met when "[t]he child or another child while residing in the parent's domicile has been harmed as defined in [s]ection 63-7-20[(6) of the South Carolina Code (Supp. 2018)], and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months").  The children were harmed by Father's failure to provide them with a home in August 2016.  *See* § 63-7-20(6)(a)(iii) (stating "harm" occurs when the

---

[2] Although Father completed the placement plan as ordered, caseworker Michelle Manning expressed concern that Father had not "exhibited any behavioral change that would show the anger management portion of the treatment plan was successful."  On remand, the family court should address this concern, as well as trauma therapy expert Melissa Muse's cautions that the children should not be "dropped back in" and "that she could not work with the parents if they deny abuse and neglect toward the children."

parent "fails to supply the child with adequate food, clothing, *shelter*, or education" (emphasis added)).  However, at the time of the TPR hearing, Father had suitable housing; thus, the record does not show by clear and convincing evidence that the severity or repetition of the harm was such that his home could not be made safe within twelve months.  Accordingly, clear and convincing evidence does not support TPR on this ground.[3]

Based on the foregoing, we reverse and remand for a permanency planning hearing pursuant to section 63-7-1700 of the South Carolina Code (Supp. 2018).  A permanency planning hearing will allow all parties and the guardian ad litem an opportunity to update the family court on what has occurred since the December 7, 2017 TPR hearing.  We urge the family court to conduct a hearing as expeditiously as possible, including presentation of a new guardian ad litem report and an updated home evaluation of Father's residence.  If necessary, the family court may, inter alia, change custody, modify visitation, and approve a treatment plan offering additional services to Father.

**REVERSED AND REMANDED.**

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[3] In light of our decision, we need not address Father's remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing this Court need not address remaining issues when disposition of prior issue is dispositive of the appeal).